IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FOLSOM METAL PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 94-G-0988-S |
| | ) | |
| TORUS EQUIPMENT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| ===================== | ) | |
| | ) | |
| RBOP TOOLS INTERNATIONAL, INC., | ) | |
| | ) | |
| Intervenor-plaintiff. | ) | |
| ***************************** | | CONSOLIDATED WITH: |
| FOLSOM METAL PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 99-G-0003-S |
| | ) | |
| RBOP TOOLS INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This matter is before the court *ex mero motu* on whether to adopt the special master's report, as modified by the order on reconsideration entered June 2, 2004. Pursuant to the parties stipulation filed September 26, 2001 [Doc. # 139], all findings of fact made by the special master are final. The court has carefully considered the parties' objections to the

master's conclusions of law, but only those of RBOP Tools[1] merit discussion.  RBOP Tools has objected on two grounds.  First, it objects to the master's statements regarding the nature of RBOP Tool's liability to Torus.  Secondly, it objects to the calculation of the Additional Amount as to the sale of the 19 RBOP units in Folsom's inventory pursuant to the termination agreement which consummated the sale of the RBOP business to RBOP Tools.

This court has in its previous opinions and orders set forth the nature of RBOP Tools's liability to Torus.[2]  Those opinions and orders speak for themselves and will not be altered.  To the extent that the master's conclusions of law or explanations of his reasoning are contradictory of the court's opinions and orders, they are not adopted.  Specifically, in the Report and Recommendation [Doc. # 168] at page 8 the last two sentences in the first paragraph under the heading "IV. Conclusions of Law" are not adopted by the court.  In it's

---

[1]  The court will refer to the parties using the conventions noted in it's prior opinions.

[2]  The court's independent research has yielded another case that is highly analogous to the present case.  In Jones v. Cooper Industries, Inc., 938 S.W. 2d. 118 (Tex. Civ. App. 1996), Jones sold the patent rights to certain blowout preventer technology to Koomey Blowout Preventers, Inc. ("Koomey").  In return Koomey agreed to pay Jones the greater of $50,000 annually or ½ of 1% of the annual gross revenues for fifteen years. Id. at 120.  Ultimately, the patent rights ended up in the hands of a third party assignee, who the court determined had not assumed the obligation to pay the sums due under the contract either explicitly or by implication.  The court's discussion of the nature of the obligation to pay the royalty (finding it a contractual obligation rather than a property right) is highly instructive to the present case.  The court also found no authority for the imposition of something in the nature of an equitable servitude on the patent rights, and found no liability based upon *quantum meruit*.  Although the case involved patent rights and Texas law, it supports the court's previous rulings as to the nature of RBOP Tool's liability to Torus.

order on reconsideration, the master corrected a scrivener's error, but otherwise the report and recommendation was re-affirmed without change.  RBOP Tools objects to language contained in the master's order on reconsideration.  That language is contained in the master's discussion of his reasons for refusing to reconsider his findings and conclusions.  The master's reasoning contained in his order on reconsideration is not a part of the report and recommendation.  However, some of the language misinterprets the court's previous rulings as to the liability of RBOP.  Rather than attempt to parse out those statements, and for the sake of clarity, the court does not adopt the reasoning contained in the master's order on reconsideration [Doc. # 176] beginning with the last paragraph beginning on page three (which begins "The essential premise . . .") and continuing through the first paragraph on page five (which ends: ". . . and conveyed to it."). Not all of the language is in conflict with this court's previous rulings, but it is not necessary to support the master's report and recommendation.

      The objection of RBOP Tools relating to the computation of the Additional Amount on the 19 RBOP units which it acquired when it purchased the RBOP business from Folsom is due to be overruled.  The master correctly concluded that the sale of those units was not in the ordinary course of business.  The termination agreement whereby RBOP Tools acquired the RBOP business from Folsom makes clear that these units were not sold in the ordinary course of Folsom's business.  For example, the agreement provides that Folsom shall "continue to actively pursue . . . contracts for the rental of RBOPs,"  [Termination agreement at ¶ 7.2(a)]  and "continue to actively pursue the sale of RBOPs." [¶ 7.2(b)]  The master's

treatment of the sale of the 19 RBOP units in computing the Additional Amount owed to Torus is consistent with this court's previous rulings and will be adopted by the court.

Therefore, with the exception noted above, the court will adopt the master's report and recommendation (with scrivener's errors corrected as per the master's order on reconsideration).  An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 22 August 2005.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.